IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD JAMES BARBIERI,<br><br>        Plaintiff,<br><br>   v.<br><br>PWFG REO OWNER, LLC; PHILIP ZAMPIELLO, ESQ.; MCGARRIGLE, KENNY & ZAMPIELLO, APC; PATRICK C. MCGARRIGLE; RESIDENTIAL INVESTMENTS; CONSUMER SOLUTIONS 3, LLC; DOES 1–10, inclusive;<br><br>        Defendants.<br>                                                     / | No. C 12-05252 WHA<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT MOTION TO STRIKE; DENYING MOTION FOR ATTORNEY'S FEES; VACATING HEARING** |

## INTRODUCTION

In this foreclosure action, defendants moved to dismiss the complaint and to strike portions thereof. Defendants also seek attorney's fees. For the reasons stated below, defendants' motion to dismiss is **GRANTED IN PART.** The motion to strike is **DENIED AS MOOT**. The motion for attorney's fees is **DENIED**.

## STATEMENT

Pro se plaintiff Ronald James Barbieri filed a complaint against a number of defendants seeking to quiet title and alleging wrongful foreclosure of his house. Defendants PWFG REO Owner, LLC, Phillip Zampiello, Esq., McGarrigle, Kenney & Zampiello, APC (erroneously sued as McGarrigle, Kenny & Zampiello, APC), and Patrick McGarrigle previously filed an unlawful detainer action against Barbieri in state court for possession of the subject property. Barbieri removed that action to federal court, where it was remanded for lack of subject-matter

jurisdiction by the undersigned judge (Dkt. No. 26, No. 12-2590). He apparently eventually lost the unlawful detainer action, and judgment was entered against him (RJN Exh. 4).

Barbieri now seeks to attack the foreclosure sale as invalid. It appears that, despite the judgment against him, he is still living at the subject property, presumably without paying either rent or mortgage payments. The 89-page complaint alleges that Barbieri entered into a mortgage agreement with Bank United, FSB. Following its bankruptcy, Bank United FSB was acquired by BankUnited, which subsequently sold the original promissory note to an investment fund. The note was then pooled with other mortgages and securitized into a mortgage-backed security (specifically, Wamu Mortgage Pass-Through Certificates Series 2006-AR2). Meanwhile, the deed of trust was assigned by Bank United FSB to BankUnited, then to Consumer Solutions 3, LLC, and finally to Residential Investments, LLC. Plaintiff alleges that "there is no evidence" that BankUnited had possession of the promissory note at the time the deed of trust was assigned to Consumer Solutions. Plaintiff contends that "the note cannot be assigned to one party while the Deed of Trust is assigned to another. If the Note and Deed of Trust are split the note becomes unenforceable" (Compl. ¶ 6). Defendant Consumer Solutions and Residential Investments are therefore not "genuine creditors and they are not in possession of the note because the note is held by an undisclosed third party . . . ." (*id*. at ¶ 9). Plaintiff alleges that all defendants acted fraudulently in foreclosing on his house as none had standing to collect on his debt, transfer any property interest, or foreclose on the property.

Plaintiff's complaint contains two claims for relief against all defendants: (1) quite title and (2) wrongful foreclosure. Defendants PWFG, Phillip Zampiello, McGarrigle, Kenney & Zampiello, and Patrick McGarrigle now move to dismiss the claims against them and to strike portions of the complaint. For the reasons stated below, defendants' motion to dismiss is **GRANTED IN PART.**

## ANALYSIS

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a

2

1    reasonable inference that the defendant is liable for the conduct alleged. While a court "must
2    take all of the factual allegations in the complaint as true," it is "not bound to accept as true a
3    legal conclusion couched as a factual allegation." *Id*. at 1949–50 (quoting *Bell Atl. Corp. v.*
4    *Twombly*, 550 U.S. 544, 555 (2007)) (internal quotation marks omitted). "[C]onclusory
5    allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for
6    failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996)
7    (citation omitted). Pro se complaints are held to less stringent standards than complaints drafted
8    by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### 1. REQUESTS FOR JUDICIAL NOTICE.

Pursuant to Federal Rule of Evidence 201, defendants request judicial notice be taken of the (1) the trustee's deed upon sale recorded on April 3, 2012, in Sonoma County Recorder's Officer as Instrument Number 12032059, (2) the grant deed recorded on April 6, 2012, in Sonoma County Recorder's Officer as Instrument Number 12033653, (3) judgment for possession entered in Sonoma County Superior Court in favor of PWFG and against Barbieri, and (4) an unpublished order in *Castle v. MERS, Inc.*, No. 11-538, 2011 WL 3626560 (C.D. Cal. Aug. 16, 2011). Documents two and three are matters of public record and the proper subject of judicial notice. Thus, the request for judicial notice of these documents is **GRANTED**. Document one is appended as an exhibit to the complaint, such that the request for judicial notice is **MOOT**. As this order does not rely on the unpublished district court decision, the request for judicial notice of this document is **DENIED AS MOOT**.

### 2. PHYSICAL POSSESSION AND "SPLITTING" THE NOTE AND DEED.

The complaint alleges that the foreclosure proceedings and subsequent sale were void because, despite the sale of the promissory note, defendants failed to transfer the physical promissory note. Plaintiff further alleges that the promissory note and deed of trust were separated before they were properly assigned, such that the note is unenforceable. Consumer Solutions, therefore, had no right to foreclose on the property. Defendant contends that plaintiff's claims to quiet title and for wrongful foreclosure fail because plaintiff has not offered

1  to tender the full amount of his debt. Plaintiff's opposition does not address defendants'
2  argument that the failure to allege tender is fatal to his complaint.

3      The tender rule does not apply to a void, as opposed to a voidable, foreclosure sale.
4  *Martinez v. Am.'s Wholesale Lender*, 446 F. App'x 940, 943 (9th Cir. 2011) (unpublished)
5  (internal quotation marks and citations omitted). This Court has previously held that the tender
6  rule does not apply where the plaintiff has adequately alleged that a foreclosure sale was void
7  because the purported trustee was not properly substituted as trustee, had no interest in the
8  subject property, and thus was not authorized to initiate a non-judicial foreclosure when it
9  recorded the notice of default. *Avila v. Wells Fargo Bank*, No. 12-01237, 2012 WL 2953117,
10 *15 (N.D. Cal. July 19, 2012). Here, plaintiff has alleged that the transfer of the deed of trust to
11 the foreclosing party was invalid. Plaintiff has not, however, alleged any additional facts that
12 would establish whether Consumer Solutions was improperly substituted as trustee for
13 BankUnited or had no interest in plaintiff's property. Indeed, the assignment of the deed of trust,
14 appended to the complaint as Exhibit A and dated December 30, 2009, states that Consumer
15 Solutions was assigned "all beneficial interest" under the deed of trust "together with the
16 Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under
17 said Deed of Trust . . . ." Plaintiff's claims that the foreclosure and subsequent sale were invalid
18 are based solely on an erroneous legal theory, as discussed below.

19     *First,* as this Court has recently noted, the "original note" theory has been rejected by
20 courts in this district, including the undersigned judge. *See Tall v. MERS, Inc.*, No. 12-5348,
21 2012 WL 6680183 *3 (N.D. Cal. Dec. 21, 2012). For example, in *Hafiz v. Greenpoint Mortgage*
22 *Funding, Inc*., 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009), the plaintiff argued "the erroneous
23 theory that all defendants lost their power of sale pursuant to the deed of trust when the original
24 promissory note was assigned to a trust pool." As stated in that decision, "California law does
25 not require possession of the note as a precondition to non judicial foreclosure under a deed of
26 trust . . . Pursuant to Section 2924(a)(1) of the California Civil Code, the trustee of a Deed of
27 Trust has the right to initiate the foreclosure process. Production of the original note is not
28 required to proceed with a non-judicial foreclosure." *Ibid*. (citing *Pagtalunan v. Reunion*

4

1  *Mortgage, Inc.*, 2009 WL 961995, at *1 (N.D. Cal. Apr. 8, 2009) (Maj. Judge Elizabeth D.
2  Laporte)).

3      *Second*, our court of appeals has indicated that a mortgage is unenforceable only if a
4  promissory note and a deed are "irreparably split." *Cervantes v. Countrywide Home Loans,*
5  *Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011). In *Cervantes*, the plaintiffs challenged the origination
6  and foreclosure procedures for home loans maintained within the Mortgage Electronic
7  Registration System. The plaintiffs then argued that because the MERS system split the deed
8  from the note, all transfers of interests in the home loans within the MERS system were invalid.
9  Therefore, no party was in a position to foreclose on the home loans. *Ibid*. The court of appeals
10 disagreed with the plaintiffs and held that "the lenders would still be entitled to repayment of the
11 loans." Moreover, "the notes and deeds are not irreparably split: the split only renders the
12 mortgage unenforceable if MERS or the trustee, as nominal holders of the deeds, are not agent of
13 the lenders." *Ibid*.

14     Here, plaintiff's lengthy complaint does not address whether the foreclosing party was
15 acting on behalf of the lender. As in *Cervantes*, "[a]lthough it is unclear from the pleadings who
16 the current lender is on [plaintiff's] loan, the allegations do not raise any inference that the
17 trustee [ ] lack[ed] the authority to act on behalf of the lender." *Ibid*. Plaintiff has failed to
18 allege how there has been any irreparable splitting of the promissory note and deed of trust, or
19 why Consumer Solutions was not acting as an agent of the lender. Accordingly, the complaint is
20 **DISMISSED WITH LEAVE TO AMEND.**

21     **3.    BONA FIDE PURCHASER.**

22     The complaint contains only a handful of references to PWFG and the law firm
23 defendants (the law firm McGarrigle, Kenney & Zampiello and Attorneys Phillip Zampiello and
24 Patrick McGarrigle). Based on those allegations, and the deed of sale and grant deed (Compl.
25 Exh. C; RJN Exh. 2), it appears that defendant Residential Investments, LLC purchased the
26 subject property after foreclosure. The trustee's deed upon sale states that the amount of unpaid
27 debt was $331,231.47 and the amount paid by Residential Investments was $255,215.28.
28 Residential Investments subsequently conveyed the property to PWFG "for valuable

5

consideration" (RJN Exh. 2). Defendants contend that PWFG was a bona fide purchaser for value, and thus immune from liability.

Under California law, a lender may pursue non-judicial foreclosure upon default with a deed of trust with a power of sale clause. If a borrower defaults on a loan and the deed of trust contains a power of sale clause, the lender may non-judicially foreclose. *See McDonald v. Smoke Creek Live Stock Co.*, 209 Cal. 231, 236–237, 286 P. 693 (1930). "If the trustee's deed recites that all statutory notice requirements and procedures required by law for the conduct of the foreclosure have been satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly; this presumption is conclusive as to a bona fide purchaser." *Moeller v. Lien*, 25 Cal. App. 4th 822, 831 (1994) (citations omitted). Whereas the presumption is rebuttable as to purchasers *other than* bona fide purchasers, "[t]he conclusive presumption precludes an attack by the trustor on a trustee's sale to a bona fide purchaser even though there may have been a failure to comply with some required procedure which deprived the trustor of his right of reinstatement or redemption." *Id.* at 832.

The trustee's deed of sale includes a statement that the trustee complied with all applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust including sending a notice of default and notice of sale (Compl. Exh. C). Residential Investments was both the foreclosing beneficiary and the purchaser at the foreclosure sale. Two weeks after the foreclosure sale, however, the property was conveyed by Residential Investments to PWFG "for valuable consideration" (RJN Exh. 2). PWFG thus falls within the rule creating a conclusive presumption in favor of bona fide purchasers.

Plaintiff alleges no facts that would establish that PWFG was not a bona fide purchaser, and does not address this argument in his opposition brief. Plaintiff's conclusory and general allegations that PWFG "is not the lawful owner of the subject property because of the defects and deficiencies in the loan administration and lack of disclosures and failure to properly acknowledge and record the assignment-of-deed-of-trust document" is not sufficient to avoid the application of the rule as to PWFG (Compl. ¶ 39). Accordingly, plaintiff's claims against

6

1  defendant PWFG are **DISMISSED WITHOUT LEAVE TO AMEND**. Further amendment would be
2  futile.

### 4. PWFG AND THE LAW FIRM DEFENDANTS WERE NOT INVOLVED IN THE FORECLOSURE.

PWFG purchased the subject property from Residential Investments following the foreclosure sale, then initiated an unlawful detainer action for possession of the property. Plaintiff does not allege that PWFG or the law firm defendants were involved in the non-judicial foreclosure process. Rather, plaintiff alleges that PWFG's purchase of the property was invalid and that PWFG and the law firm defendants wrongfully initiated an unlawful detainer action against him. Because these defendants were not involved in the loan origination, servicing, foreclosure process, or foreclosure sale, plaintiff's wrongful foreclosure claim against PWFG and the law firm defendants is **DISMISSED WITHOUT LEAVE TO AMEND**.

### 5. RES JUDICATA EFFECT OF UNLAWFUL DETAINER JUDGMENT.

Defendants contend that the judgment entered in the unlawful detainer case precludes plaintiff from re-litigating the claims in this action. "A judgment in unlawful detainer usually has very limited res judicata effect and will not prevent one who is dispossessed from bringing a subsequent action to resolve questions of title or to adjudicate other legal and equitable claims between the parties." *Vella v. Hudgins*, 20 Cal.3d 251, 255 (1977). As stated by our court of appeals, "for an unlawful detainer proceeding to provide res judicata or collateral estoppel effect to subsequent litigation, there must first be the opportunity for a full and fair litigation of the claim or issue before the unlawful detainer court." *Stein v. Braum Inv. & Dev., Inc*., 244 F. App'x 816, 818 (9th Cir. 2007) (unpublished). "'Full and fair' litigation of an affirmative defense . . . if it is raised . . . and if a fair opportunity to litigate is provided will result in a judgment conclusive upon issues material to that defense." *Vella*, 20 Cal.3d at 256–57. Unlike in *Malkoskie v. Option One Mortgage Corporation*, 188 Cal. App. 4th 968, 974 (2010), in which the plaintiff raised affirmative defenses that put the conduct of the sale and the validity of the resulting transfer of title "directly in issue in the unlawful detainer case," here, the current record

is insufficient to determine whether the judgment in the unlawful detainer action should have any preclusive effect in the current lawsuit.

### 6. LITIGATION PRIVILEGE AND ATTORNEY'S FEES.

The law firm defendants contend that plaintiff's claims are barred by the litigation privilege under Cal. Civ. Code Section 47(b). The litigation privilege provides that a "publication or broadcast" made as part of a "judicial proceeding" is privileged. The privilege is "absolute in nature" and applies to "all publications, irrespective of their maliciousness." *Silberg v. Anderson*, 50 Cal. 3d 205, 216 (1990). The privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action. *Id.* at 212. The litigation privilege has been held to "immunize defendants from tort liability based on theories of abuse of process, intentional infliction of emotional distress, intentional inducement of breach of contract, intentional interference with prospective economic advantage, negligent misrepresentation, invasion of privacy, negligence and fraud." *Action Apartment Ass'n, Inc. v. City of Santa Monica*, 41 Cal. 4th 1232, 1242 (2007) (quoting *Silberg*, 50 Cal. 3d at 215) (internal citations omitted). The California Supreme Court has recognized an exception to the litigation privilege for the tort of malicious prosecution where "the requirements of favorable termination, lack of probable cause, and malice [have been] satisfied." *Id.* at 1249.

Here, the complaint alleges claims against the law firm defendants for preparing and filing the unlawful detainer action (Compl. ¶ 106). Plaintiff alleges that the law firm defendants "knew or should have known that they did not acquire proper title and are planning to proceed with eviction proceedings against Plaintiff homeowner anyway" (*id.* at ¶ 97). The law firm defendants' filing of the unlawful detainer action falls within the litigation privilege. *See, e.g., Feldman v. 1100 Park Lane Associates*, 160 Cal. App. 4th 1467, 1486 (2008); *Action Apartment*, 41 Cal. 4th at 1249–50. Accordingly, the law firm defendants' motion to dismiss is **GRANTED**. As further amendments would be futile, the claims against the law firm defendants are **DISMISSED WITHOUT LEAVE TO AMEND.**

Defendants' motion for attorney's fees in the amount of $4,125.00 is **DENIED**. The Court will not at this point impose such heavy fees on a pro se litigant proceeding without the benefit of counsel.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss plaintiff's complaint is **GRANTED WITHOUT LEAVE TO AMEND**, except that plaintiff may seek leave to amend with respect to the claims against defendants Residential Investments and Consumer Solutions, as discussed above. The claims against the law firm defendants and PWFG are dismissed without leave to amend. The motion to strike and motion for attorney's fees are **DENIED**. Plaintiff may seek leave to amend and will have until **JANUARY 23, 2013,** to file a proposed amended complaint, which must be appended to the motion. Plaintiff must plead his best case. Any such motion should clearly explain how the amendments to the complaint cure the deficiencies identified herein. The hearing scheduled for January 10, 2013, is **VACATED**.

**IT IS SO ORDERED.**

Dated: January 2, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE